UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID TROUPE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STEVEN BLAKEMAN, LYNN WIERDSMA, THOMAS DELONG, BRENDA MCKINNEY, (FNU) RN YOUNG, (FNU) LT. MONGER, (FNU) C/O BUTTRUM, (FNU) SGT. MILLER, L. MCDONALD, JANE DOE (HSM),<br><br>　　　　　　Defendants. | CASE NO. C15-5261 RBL-KLS<br><br>ORDER DENYING MOTION FOR SERVICE OF SUBPOENA |

Plaintiff David Troupe, proceeding pro se and *in forma pauperis,* requests the Clerk of Court to serve a subpoena on "Risk Management Tort Claims" in Olympia, Washington, commanding the production of "all unredacted copies of reports or complaints filed by David Troupe against any DOC employee on record with this Tort Claims Dept." Dkt. 14. Mr. Troupe states that he is indigent and requires the requested records for this lawsuit because the records will show "a history of problems with the defendants." *Id.* The motion shall be denied because the subpoena is overly broad on its face.

ORDER DENYING MOTION FOR SERVICE
OF SUBPOENA - 1

**DISCUSSION**

Civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  A discovery request need not call for evidence that would be admissible at trial, so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  The court can limit discovery for numerous reasons, including that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

These general discovery limitations apply with equal force to subpoenas to third parties. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D.Cal.2006).  A court can quash or modify a subpoena that does not seek information that falls within the broad scope of permissible discovery. *Id*. at 680.  A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's target and the court from which the subpoena issues must enforce this restriction. *See* Fed .R. Civ. P. 45 (d)(1).  The court must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target. *Google*, 234 F.R.D. at 680.

In this lawsuit Mr. Troupe has sued ten employees of the Department of Corrections alleging that the defendants failed to protect him from serious self-harm and subjected him to unconstitutional conditions of confinement.  Mr. Troupe alleges that these events occurred at the Clallam Bay Corrections Center in 2012.  The document subpoena requested by Mr. Troupe ("all unredacted copies of reports or complaints filed by David Troupe against any DOC employee on record with this Tort Claims Dept.") is overly broad on its face.  First, the subpoena requests documents presumably in Mr. Troupe's possession as they were filed by him.  Second, the request is not limited to either the defendants named or the allegations asserted in this lawsuit.

1  Third, while the Clerk of the Court may issue a subpoena, it remains up to Mr. Troupe, despite
2  his *in forma pauperis* status, to serve the subpoena and to bear any associated costs in
3  accordance with Fed. R. Civ. P. 45.
4      This Order does not preclude Mr. Troupe from preparing a narrower subpoena, tailored to
5  documents relevant to this lawsuit.  After he has submitted the subpoena to the Clerk, the Clerk
6  will issue it and return it to Mr. Troupe for service in accordance with Rule 45.
7
8      DATED this 8th day of June, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR SERVICE
OF SUBPOENA - 3