UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

              Plaintiff,

  v.

STEVEN BLAKEMAN, LYNN WIERDSMA, THOMAS DELONG, BRENDA MCKINNEY, (FNU) RN YOUNG, (FNU) LT. MONGER, (FNU) C/O BUTTRUM, (FNU) SGT. MILLER, L. MCDONALD, JANE DOE (HSM),

              Defendants.

CASE NO. C15-5261 RBL-KLS

SECOND ORDER DENYING MOTION FOR SERVICE OF SUBPOENA

Plaintiff David Troupe, proceeding pro se and *in forma pauperis* (IFP), has sued ten Department of Corrections (DOC) employees alleging that they failed to protect him from self-harm and subjected him to unconstitutional conditions of confinement at the Clallam Bay Correction Center (CBCC) in 2012. Mr. Troupe requests that the Court serve a subpoena on the State of Washington's Risk Management Office that commands the production of "all unredacted and complete" records relating to twenty-one tort claims (identified by claim number). Dkt. 28. Mr. Troupe's initial subpoena directed to the Office of Risk Management

SECOND ORDER DENYING MOTION FOR
SERVICE OF SUBPOENA - 1

1 requested all "unredacted copies of reports or complaints filed by David Troupe against any

2 DOC employee on record with this Tort Claims Dept." Dkt. 14.  The Court denied that request

3 because Mr. Troupe was requesting documents presumably in his possession and the request was

4 not limited to the named defendants or the allegations asserted in this lawsuit.  Dkt. 19, at 2.  Mr.

5 Troupe was also reminded that he is responsible for all costs associated with service of the

6 subpoena.  *Id.*, at 3.

7       Mr. Troupe states that he has now narrowed the scope of the subpoena directed to the

8 Office of Risk Management "to what he believes are the specific records on DOC's abuses of

9 mental health issues that support his lawsuit on CBCC staff's deliberate indifference."  He again

10 asks that the Court incur the costs of serving the subpoena pursuant to 28 U.S.C. § 1915(d)[1].

11 **DISCUSSION**

12      Civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to

13 any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  A discovery request need not call for

14 evidence that would be admissible at trial, so long as the request "appears reasonably calculated

15 to lead to the discovery of admissible evidence."  *Id*.  The court can limit discovery for numerous

16 reasons, including that the discovery sought "can be obtained from some other source that is

17 more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).

18      These general discovery limitations apply with equal force to subpoenas to third parties.

19 *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D.Cal.2006).  A court can quash or modify

20 a subpoena that does not seek information that falls within the broad scope of permissible

21

22

23     [1] Mr. Troupe also filed two "replies" to "Defendants Objection to Subpoena" (Dkts. 27 and 29) but it is unclear to what he is replying.  There are no pending motions or objections related to any subpoena request filed by Mr. Troupe.

SECOND ORDER DENYING MOTION FOR
SERVICE OF SUBPOENA - 2

discovery. *Id*. at 680.  A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's target and the court from which the subpoena issues must enforce this restriction.  *See* Fed .R. Civ. P. 45 (d)(1).  The court must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target. *Google*, 234 F.R.D. at 680.

Although a plaintiff proceeding IFP may be entitled to obtain service of a subpoena duces tecum pursuant to 28 U.S.C. § 1915(d), he remains responsible for paying all fees and costs associated with the subpoenas … fees are not waived based on a plaintiff's IFP status.  *See Tedder v. Odel.* 890 F.2d 210, 211, 212 (9th Cir. 1989).  In addition, because Rule 45(b) requires personal service of a subpoena, directing the United States Marshal's Office to expend its resources to personally serve a subpoena is not taken lightly by this Court.  As noted above, limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information.  Fed.R.Civ.P. 26, 45.

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen,* 2010 WL 1948560, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D.Pa. 1991); *see also, United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman,* 139 F.R.D. at 605.

SECOND ORDER DENYING MOTION FOR
SERVICE OF SUBPOENA - 3

Although Mr. Troupe states that he has now somewhat narrowed the scope of his subpoena to twenty-one specifically numbered tort claims, it is entirely unclear that the documents requested are relevant to the claims raised in this lawsuit against the named defendants. To the extent Mr. Troupe is requesting records relating to tort claims that he filed with the Office of Risk Management, he is in possession of those records. Moreover, the documents requested are proof of nothing more than that Mr. Troupe filed state tort claims against unidentified CBCC staff. Mr. Troupe has not shown that records of his state tort claims are relevant to whether the particular defendants in this case violated his Eighth Amendment rights. Mr. Troupe has also not shown that he has not or cannot receive the information he seeks by way of discovery propounded directly to defendants. Finally, even when the U.S. Marshal is directed to serve a subpoena, a plaintiff remains responsible for any associated costs in accordance with Fed. R. Civ. P. 45. For example, if the Office of Risk Management charges a service and/or copying fee for providing the records requested, it would be a wasteful and frivolous expenditure of time and resources of the Court and the Marshal's Service to issue and serve such a subpoena if Mr. Troupe has not made provision for his share of those costs beforehand.

Based on the foregoing, Mr. Troupe's request that the Court order service of the subpoena (Dkt. 28) is **DENIED.**

DATED this 5th day of August, 2015.

Karen L. Strombom
United States Magistrate Judge

SECOND ORDER DENYING MOTION FOR
SERVICE OF SUBPOENA - 4