UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

    Plaintiff,

v.

STEVEN BLAKEMAN, LYNN WIERDSMA, THOMAS DELONG, BRENDA MCKINNEY, (FNU) RN YOUNG, (FNU) LT. MONGER, (FNU) C/O BUTTRUM, (FNU) SGT. MILLER, L. MCDONALD, JANE DOE (HSM),

    Defendants.

CASE NO. C15-5261 RBL-KLS

ORDER LIFTING STAY, DISMISSING MOTIONS FILED DURING STAY, AND DENYING MOTIONS TO COMPEL (DKT. 32, 37)

Plaintiff David Troupe, proceeding pro se and *in forma pauperis* (IFP), has sued ten Department of Corrections (DOC) employees alleging that they failed to protect him from self-harm and subjected him to unconstitutional conditions of confinement at the Clallam Bay Correction Center (CBCC) in 2012.  On September 18, 2015, Mr. Troupe filed a motion to recuse the undersigned.  Dkt. 36.  The undersigned declined to voluntarily recuse and referred the motion to the Chief Judge pursuant to Local Rules W.D. Wash. 3(e).  Pending a decision by the Chief Judge, the entire action including all motions currently pending at that time were stayed.  The parties were directed to file no motions while the action was stayed and were

ORDER LIFTING STAY, DISMISSING
MOTIONS FILED DURING STAY, AND
DENYING MOTIONS TO COMPEL (DKT.
32, 37) - 1

1  advised that any motion filed while the stay was in place would not be considered and would be

2  dismissed. Dkt. 40. On October 27, 2015, the Chief Judge affirmed the undersigned's denial of

3  Mr. Troupe's request that she recuse herself. Dkt. 52.

4  At the time of the Court's Order staying this action, there were three motions pending: (1)

5  motion for clarification re subpoena (Dkt. 32); (2) motion to amend complaint (Dkt. 33), and (3)

6  motion to compel and request subpoena (Dkt. 37). After the Court's order staying this action,

7  Mr. Troupe filed four motions. *See* Dkt. 45, 46, 47, and 48. These motions were not considered

8  by the Court and shall be dismissed. In this Order the Court considers the motions for

9  clarification and to compel (Dkt. 32, 37). The motion to amend (Dkt. 33) shall be the subject of

10  a separate Order.

11  **DISCUSSION**

12  **A.     Motion for Clarification – Dkt. 32**

13  In this motion, Mr. Troupe states that he filed a subpoena request directed to the

14  Department of Corrections (DOC) and the DOC wrongfully objected to the subpoena. Dkt. 32.

15  The Court interpreted the motion as a motion to compel and re-noted the motion for October 2,

16  2015. Dkt. 35. Defendants filed a response on September 28, 2015. Dkt. 42.

17  First, the Court notes that Mr. Troupe is mistaken that "issuance" of a subpoena by the

18  Clerk of Court is "approval" by this court of the merits of the subpoena. After a subpoena is

19  issued, the recipient of a subpoena may object to the production of documents requested in the

20  subpoena and the proponent of the subpoena may then file a motion to compel. *See* Fed.R.Civ.P.

21  45. The person serving the subpoena must take reasonable steps to avoid imposing undue burden

22  or expense on a person subject to a subpoena and the Court is required to enforce this duty and

23  impose sanctions where appropriate. *Id.*

ORDER LIFTING STAY, DISMISSING
MOTIONS FILED DURING STAY, AND
DENYING MOTIONS TO COMPEL (DKT.
32, 37) - 2

On June 23, 2015, Mr. Troupe sent a subpoena to "DOC HQ Records" requesting his "Mental Health records, specifically all incoming and outgoing emails of mental health providers Katrina Suckow, Suzie Lesser, Bonnie Kdahn, Thomas Roe, Dana 0. Fayette July 1, 2010 to July 1, 2012 & emails re David Troupe, all emails to and from Charles Pease July 1, 2010 to June 18, 2015 re David Troupe." Dkt. No. 22-1.  The Defendants objected on the grounds that all of Mr. Troupe's mental health records are contained in his Central and Medical files, both of which are available to Mr. Troupe for review.  Dkt. 43, Williamson Decl., Ex. A 14 (subpoena and objections).  In addition, the persons named in the subpoena are named defendants in *Troupe v. Washington State Penitentiary et al.*, Case No. 2:13-cv-05038-EFS (E.D. Washington).   The discovery deadline in that case has past and the District Court in the Eastern District of Washington has rejected Mr. Troupe's motions to allow additional discovery.  *See, e.g.,* Dkt. No. 107 (2:13-cv-05038-EFS).

Mr. Troupe has access to his central and medical files and fails to explain the relevance of e-mails to and from individuals who are not parties to this lawsuit.  Therefore, the motion to compel is **DENIED**. *See, e.g.,* Fed.R.Civ.P. 26(b)(2)(C) (court must limit the frequency and extent of discovery if the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive).

B.     Motion to Compel Shari Hall and Charles Pease – Dkt. 37

In this motion, Mr. Troupe seeks an order of this Court to compel individuals, who are not parties to this litigation, to take certain actions.  Federal courts do not have jurisdiction over non-parties. *See e.g.*, *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957).  The motion is **DENIED.**

Accordingly, it is **ORDERED:**

ORDER LIFTING STAY, DISMISSING
MOTIONS FILED DURING STAY, AND
DENYING MOTIONS TO COMPEL (DKT.
32, 37) - 3

1. The stay of this action is **LIFTED.**

2. Plaintiff's motions filed at Dkt. 45, 46, 47, and 48 are **dismissed without prejudice.**

3. Plaintiff's motion for clarification (Dkt. 32) and motion to compel (Dkt. 37) are **DENIED.**

4. The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 2nd day of November, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER LIFTING STAY, DISMISSING MOTIONS FILED DURING STAY, AND DENYING MOTIONS TO COMPEL (DKT. 32, 37) - 4