UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

    Plaintiff,

  v.

STEVEN BLAKEMAN, LYNN WIERDSMA, THOMAS DELONG, BRENDA MCKINNEY, (FNU) RN YOUNG, (FNU) LT. MONGER, (FNU) C/O BUTTRUM, (FNU) SGT. MILLER, L. MCDONALD, JANE DOE (HSM),

    Defendants.

CASE NO. C15-5261 RBL-KLS

ORDER DENYING PLAINTIFF'S MOTION TO AMEND WITHOUT PREJUDICE

Plaintiff David Troupe moves to amend his complaint. Dkt. 33. Mr. Troupe seeks to sue an additional forty-two defendants. *Id.* For the reasons stated herein, the motion shall be denied without prejudice.

**BACKGROUND**

This lawsuit was commenced on April 24, 2015. Dkt. 1. In his original complaint, Mr. Troupe named nine Department of Corrections (DOC) employees and one Jane Doe employee alleging they failed to protect him from self-harm and subjected him to unconstitutional conditions of confinement at the Clallam Bay Correction Center (CBCC) in 2012. Dkt. 5. Defendants filed an answer on June 25, 2015. Dkt. 25. Pursuant to the Pretrial Scheduling

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND WITHOUT PREJUDICE - 1

1   Order dated June 26, 2015, the discovery deadline expires on December 18, 2015 and dispositive

2   motions are due by February 19, 2016.  Dkt. 26.

3        Mr. Troupe filed his motion to amend on September 8, 2015 and it was noted for

4   September 25, 2015.  Dkt. 33.   Shortly thereafter, Mr. Troupe filed a motion for recusal and

5   therefore, this matter was stayed until November 2, 2015 when the Chief Judge ruled on the

6   motion for recusal.  Dkt. 53.  In light of the stay, the motion to amend is considered timely and

7   ripe for consideration at this time.

8        Defendants object to the proposed amendment because it contains only conclusory

9   allegations against these numerous individuals.  Defendants also contend that the proposed

10  amendment is a vexatious expansion of litigation.  Dkt. 38.  In their response, Defendants outline

11  the 17 lawsuits against at least 147 individuals Mr. Troupe has filed in this court, his 28 U.S.C. §

12  1983 strike,[1] the five permanent injunctions in state court due to his abusive litigation against

13  government officials, his abuse of the discovery process in this case, and his testimony that he

14  uses the prison grievance system to "verbally assassinate" prison staff.  Dkt. 38, at 2-3; Dkt. 39

15  (Declaration of Grady L. Williamson).

16  **DISCUSSION**

17       In his original complaint (Dkt. 5), Mr. Troupe named Steven Blakeman, Lynn Wierdsma,

18  Thomas DeLong, Brenda McKinney, Nurse Young, Lt. Monger, C/O Buttram, Sgt. Miller, C/O

19  McDonald, and CBCC HSM Jane Doe.  He alleged that on August 27, 2012, he told Defendants

20  Wierdsma and Blakeman of his intent to self-harm.  After he cut open his leg, Defendant Miller

21  moved him to the COA at the request of Laura Methieus and Sgt. Banner.  He alleges that the

---

23       [1]Mr. Troupe has two strikes under 28 U.S.C. § 1915(g).  *See* 2:2013-cv-5037-EFS (E.D. WA) and 3:14-cv-05886-BHS (W.D. WA).

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND WITHOUT PREJUDICE - 2

1  CBCC HSM and Defendants DeLong and McKinney refused to protect him.  He also alleges that
2  he continued to cut himself after he was placed back in his cell and that he threw blood around
3  his cell while Defendants Miller, McDonald, and "other c/o's watched for approximately 30
4  seconds", Defendant Miller smiled, someone covered his window, and he was then ignored for
5  10 hours, not provided with medical care, and forced to urinate in his cell.  Defendant DeLong
6  made him clean up his blood and when he refused, Defendant DeLong ordered Mr. Troupe
7  placed in a restraint chair.  He was then moved from the restraint chair to the restraint bed and
8  for the next two days was on suicide watch.

9       Mr. Troupe states that he made numerous complaints about the temperature in the cell to
10  Lt. Monger, Dr. McKinney, and RN Young.  He states that he was refused a blanket but admits
11  that he was given a space heater, which he maintains was inadequate.  He claims that he suffered
12  four days of cold.  Dkt. 5.

13       Attachments to the complaint reflect that on September 12, 2012, less than two weeks
14  after the occurrence at issue, Mr. Troupe filed a grievance against MHP Wierdsma, CUS
15  Blakeman, Lt. DeLong and Sgt. Miller:

> CBCC officials (MHP Wierdsma, CUS Blakeman, Lt. DeLong and Sgt. Miller) violated DOC policy 630.550.  On 8-27-12 I told MHP Wierdsma if put back in my cell I would cut myself.  She just told how concerned her a [sic] Blakeman were about my safety.  Blakeman was notified.  I was then placed back in my cell per Blakeman's orders.  I immediately cut myself open.  I repetedly [sic] asked to be put in the restraint and threatened to continue self harm, Lt. DeLong was notified.  Sgt. Miller put me in the suicide cell and watched me start cutting [sic] on myself.  From abou [sic] 3:30 pm to around 5:30 pm I cut myself and tossed blood everywhere.  They let me continue to periodically cut on myself for 10 hours.  Eventually Lt. DeLong pulled me but so they could clean up the blood so the administrators wouldn't see it, this was 2:30 am.  Policy doesn't allow DOC staff to let anyone harm themselves but at CBCC out in the middle of the woods, its okay to let an inmate cut on himself for hours.  They don't have a mental health unit nor staff trained and ready to be professional re self-harm situations.

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND WITHOUT PREJUDICE - 3

Dkt. 5, p. 12.  Mr. Troupe received a response to his grievance on November 29, 2012:

> This complaint was investigated by Katrina Henry, Health Care Manager.  During the investigation she reviewed initial complaint and corresponding response and appeal, Suicide Watch Log Book and related Incident Report and corresponding documents.  You were interviewed telephonically.
>
> Information gathered during the investigation shows that you were placed on a suicide watch due to statements that you made regarding inflicting self-harm.  You were placed in a wheelchair prior to being placed on a suicide watch.  This was done to protect you from yourself.  The types of restraints applied are determined by either medical or mental health staff in collaboration with custody staff, not by offenders.  Your injuries were examined and determined to be non-life threatening.  It was further noted that you refused medical treatment.
>
> Based on the information presented, it appears that your injuries were superficial and not life-threatening however you were placed on a suicide watch so that your actions could be closely monitored.  Actions taken by staff are deemed appropriate.  No further actions required at this time.

Dkt. 5, p. 13.

Around the same time, Mr. Troupe filed a second grievance complaining about the temperature in his cell and complaining that the heater on the outside of the door did not warm up the inside of his cell and that the ventilation in the cell was so powerful and cold it forced the heat away from his door.  Dkt. 5, at p. 15 (Level II Appeal, original grievance not attached).

On November 27, 2012, Mr. Troupe received the following response:

> This grievance was investigated by D. Taber, Correction Lieutenant (Lt).  During the investigation he reviewed initial complaint and corresponding response and appeal., DBCC Suicide Watch Post Orders, Suicide Watch Log Book and interviewed you (telephonically).
>
> A review of the Suicide Watch Log Books shows that on one occasion the cell temperature dropped below 68 degrees.  The Log Book also shows that a portable heater was placed by the inner cell door and shortly thereafter you were provided with a smock and a mattress.
>
> Information gathered during the investigation indicates that a portable heater was provided when the cell temperature dropped below 68 degrees and that you were also provided a smock for additional warmth.  At no time while you were on

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND WITHOUT PREJUDICE - 4

> suicide watch does the Log Book show that you complained about the cell temperature or requested that a heater be placed in the observation cell as you allege. Based on the information presented, it appears that the heating and ventilation in the observation are adequate and that no changes are warranted. No further action required at this time.

*Id.*

In the Level III response to this grievance, further clarification regarding the temperature in the cell was provided:

> The level II stated that the cell temperature dropped below 68° one time. In fact, the investigation showed that it dropped below 68° twice. However, in both instances staff used the heater and the temperature rose above 68°. You claim that the heater doesn't heat the cell, but the log entries show otherwise. The level II investigation and response showed that staff took the steps necessary to adjust the heat when necessary. It also established that you didn't complain about the cell temperature while you were in the cell. You have not provided any additional information at level 3.

Dkt. 5, p. 16.

These same grievances are attached to Mr. Troupe's proposed amended complaint. *See* Dkt. 33-1, pp. 15-20. In his motion to amend, Mr. Troupe states that he was abused over a four day period "so all CBCC staff that was there on the COA (Closed Observation Area) has been located and are named in the amended version." Dkt. 33, at 1.

## DISCUSSION

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir.2003) (quoting *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712). "Absent prejudice, or a strong showing of any of the remaining *Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962) factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* The *Foman* factors

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND WITHOUT PREJUDICE - 5

include: "[1] undue delay, bad faith or dilatory motive on the part of the movant, [2] repeated failure to cure deficiencies by amendments previously allowed, [3] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [4] futility of amendment." *Eminence Capital,* 316 F.3d at 1052 (quoting *Foman,* 371 U.S. at 182, 83 S. Ct. 227) (internal quotation marks omitted).

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to stating a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The majority of Mr. Troupe's amended complaint consists of listing numerous individuals followed by general and vague allegations that his constitutional rights were violated. However, in the grievance filed by Mr. Troupe merely 12 days after the incident at issue, he grieved the conduct of only four individuals (MHP Wierdsma, CUS Blakeman, Lt. DeLong and Sgt. Miller). He asked that these four staff members be reprimanded for allowing him to harm himself repeatedly when they had the option of placing him on the restraint bed. Dkt. 33-1, at 15. Over three years later, Mr. Troupe names 49 individuals and alleges that they all were aware (by looking at the log book and emails) that he was self-harming, left without a toilet, kept in

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND WITHOUT PREJUDICE - 6

Case 3:15-cv-05261-RBL   Document 58   Filed 11/10/15   Page 7 of 8

freezing conditions, and purposefully sleep-deprived from August 27, 2012 to August 30, 2012. Dkt. 33-1, pp. 8-9.  This type of allegation is not sufficient.  In addition, some of Mr. Troupe's allegations, while specific, fail to state an Eighth Amendment violation.  For example, he alleges that Bart S. Ablanalp failed to prepare a suicide prevention plan even though he received e-mails regarding Mr. Troupe from other facilities for years.  However, Mr. Troupe also alleges that all CBCC staff received warnings of his prior self-harm and suicide attempts from Washington State Penitentiary, Washington Corrections Center, Stafford Creek Corrections Center, and Monroe Corrections Center of his prior self-harm and suicide attempts and were relying on this information.  *Id.*, p. 3, 10-11.

The Court notes that there are a few specific allegations contained in Mr. Troupe's proposed amended complaint that may satisfy the requirement of alleging facts specific enough to show a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff.  For example, Mr. Troupe alleges that Dan Miller, Steven Weed, and J. Marcias watched him self-harming but covered all the COA windows and ignored him.  Thus, and to the extent Mr. Troupe has good faith allegations that specifically named individuals violated his constitutional rights and caused him harm while he was in the COA from August 27, 2012 until August 30, 2012, he may seek leave to amend to include those allegations only.

Mr. Troupe's motion for leave to file the proposed amended complaint (Dkt. 33-1) as written is denied for failure to allege facts indicating how the majority of the individuals named were personally involved in any constitutional violation.

Accordingly, it is **ORDERED:**

(1)    Plaintiff's motion for leave to amend (Dkt. 33) is **DENIED without prejudice.**

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND WITHOUT PREJUDICE - 7

1      (2)    The Clerk shall send a copy of this Order to Plaintiff and to counsel for

2 Defendants.

3     DATED this 10th day of November, 2015.

                                    Karen L. Strombom
                                    United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND WITHOUT PREJUDICE - 8