UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

               Plaintiff,

   v.

STEVEN BLAKEMAN, et al.,

               Defendants.

CASE NO. C15-5261 RBL-KLS

ORDER DENYING MOTIONS FOR EXTENSION AND FOR DISCOVERY (DKT. 106, 110, 113)

      Presently pending before the Court is defendants' motion for summary judgment. Dkt. 81. The motion was filed on February 19, 2016 and noted for consideration on March 25, 2016. *Id.* On March 16, 2016, plaintiff's motion to extend the discovery deadline was denied and defendants' motion to preclude further discovery in this matter was granted. Dkt. 105. On March 21, 2016, plaintiff filed a motion seeking a sixty day extension of his deadline to respond to the summary judgment motion. Dkt. 106. On March 28, 2016, plaintiff filed a motion to stay the summary judgment motion. Dkt. 110. And, on April 11, 2016, plaintiff filed a motion to modify discovery and extend his deadline to respond to the summary judgment motion until May 30, 2016. Dkt. 113.

ORDER DENYING MOTIONS FOR
EXTENSION AND FOR DISCOVERY  (DKT.
106, 110, 113) - 1

## DISCUSSION

Under Fed. R. Civ. P. 56(d), if the non-moving party shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his position, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

To obtain relief under Rule 56(d), the non-moving party "must show (1) that he has set forth in affidavit form the specific facts that he hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Employers Teamsters Local Nos. 175 &505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004).

**A.     Dkt. 106 – Motion for Extension of Time**

In his first motion, plaintiff requests a sixty day extension of his time to respond because he was temporarily transferred for fourteen days. He also claims that he just received notice on the cost involved in obtaining discovery responses from a CD produced by defendants. He claims he requires thirty to sixty days to have someone in his family pay for the CD and have the documents printed so he can review the documents and use them in his response to the summary judgment motion. Dkt. 106. He also mentions that he is working with WCC property officer Garibay "to ensure access to the courts is not disrupted", but he must "get all his legal copies back, then put together his response which is estimated at 30-60 days." Dkt. 106.

ORDER DENYING MOTIONS FOR
EXTENSION AND FOR DISCOVERY  (DKT.
106, 110, 113) - 2

1      Plaintiff was personally served with defendants' motion for summary judgment on

2 February 19, 2016, which was five weeks before the noting date. Dkt. 95. According to Officer

3 Garibay, the IMU property room officer at WCC, plaintiff is allowed to keep up to two

4 cardboard boxes of legal materials in his IMU cell at any given time and he can exchange or

5 swap materials in his cell for materials stored in the property room. Dkt. 109, Declaration of

6 Ricardo Garibay, Attachment A (offender request forms to exchange materials in January,

7 February, and March 2016) and Attachment B (list of dates Garibay met with plaintiff during

8 January, February, and March 2016). In addition, the record reflects that plaintiff received

9 information on the cost of the CD and postage on February 1, 2016. According to counsel for

10 defendants, as of March 28, 2016, no one on plaintiff's behalf had contacted his office to pay for

11 the CD. Dkt. 108, Declaration of Daniel J. Judge.

12     Plaintiff does not describe by declaration any diligence on his part in attempting to

13 respond to the summary judgment motion. As noted, he received a copy of the motion five

14 weeks before the noting date and approximately nineteen days before that, had received

15 information on the cost of the CD. He does not identify with any specificity what he needs in his

16 property to oppose the motion for summary judgment or how that information is essential to

17 resist the motion.   This motion is, therefore, DENIED.

18 **B.    Dkt. 110 – Motion to Stay Summary Judgment**

19     Although Mr. Troupe denotes this motion as a motion to stay, the Court considers this to

20 be a motion to defer under Fed. R. Civ. P. 56(d)(1). Mr. Troupe filed a declaration in support of

21 this motion. Dkt. 112 (dated March 31, 2016).

22     Mr. Troupe asserts that DOC Headquarters has withheld documents for four and one half

23 months, which has prevented him from using the documents; that the law librarian took

documents to copy on March 17, 2016 but that there were missing pages in the copies; that there is a "50 pg exhibit on copies a week" limit and he has more than 50 pages so he needs two months to get all the copies made; and, that the law librarian denied his request to print a copy of public disclosure records that he had obtained on CDs and those records include medical records and other DOC records that support his lawsuit. Dkt. 112.

With regard to DOC headquarters, there is no information from Mr. Troupe as to what is in those documents and how they relate to this litigation. In fact, it appears that the documents have been retained by headquarters since November 2015 and there is no information that these documents relate to this litigation (as opposed to other lawsuits presently being pursued by Mr. Troupe). With regard to the copies and missing pages, Mr. Troupe presents no testimony as to what is contained in those copies and how they relate to his litigation. With regard to Mr. Troupe's complaint about the limit on exhibits, it appears that Mr. Troupe now agrees with the State that the limits are to 50 exhibits and not 50 pages of exhibits (*see* Dkt. 112, ¶ 10). However, Mr. Troupe fails to explain what the 50 plus exhibits are that he needs to have copied to respond to the motion for summary judgment in this case and why he did not have the exhibits copied. Similarly, while Mr. Troupe asserts that the CD contains medical records and other DOC records relevant to this action, he does not state why they are necessary for him to respond to the summary judgment motion.

In his declaration, Mr. Troupe alleges that he was prevented by DOC officials from transporting legal materials related to this case with him from Washington Corrections Center (WCC) to the Washington State Penitentiary (WSP). Dkt. 112. However, this contention is contradicted by the declarations filed by defendants. WCC Corrections Officers Neal Pozin and Douglas Metcalf assisted Mr. Troupe as he transferred his property out of WCC on February 24,

ORDER DENYING MOTIONS FOR
EXTENSION AND FOR DISCOVERY  (DKT.
106, 110, 113) - 4

2016.  According to Officers Pozin and Metcalf, Mr. Troupe was limited in terms of the amount of boxes that he could take with him (he has approximately 13 boxes of legal materials) but it was up to Mr. Troupe to designate what legal property he could take with him in one or two boxes.  The officers received the folders of legal documents as Mr. Troupe provided to them and readied them for his transport that day without incident.  Dkt. 115, Declaration of Neal Pozin; Declaration of Douglas Metcalf, Dkt. 116.   Mr. Troupe also fails to explain what is missing from his legal materials that is relevant to and necessary to properly respond to the summary judgment motion.

Mr. Troupe makes many broad assertions, and with each motion he includes more broad assertions that were not previously mentioned but were known to him.  He fails, however, to provide the Court with any specificity as to what is in the exhibits, copies, or documents that are relevant or essential to his ability to respond to the summary judgment motion.   The motion is, therefore, DENIED.

**C.     Dkt. 113**

Plaintiff's third motion for an extension of time to respond to the summary judgment motion is dated April 5, 2016, eleven days after the noting date for the summary judgment motion.  The motion contains no facts to support the requested extension of time.  For example, Mr. Troupe complains about Mr. Judge not accepting a call from Mr. Troupe on March 28, 2016.  This is three days after the noting date and there is no explanation as to why this refusal prevented Mr. Troupe from filing a timely response to the motion for summary judgment or why there should be an extension of time.

Mr. Troupe also makes the conclusory statement, not under oath, that "WCC investigators prevented the Plaintiff's first letter to his family in Feb. 2016 re the money/check

ORDER DENYING MOTIONS FOR
EXTENSION AND FOR DISCOVERY  (DKT.
106, 110, 113) - 5

1  for the CD discovery so Plaintiff resent it again in March 2016." Dkt. 113.  The motion is

2  untimely and is not supported by affidavit or declaration as required by Rule 56(d).  Plaintiff

3  provides no further explanation of his attempts to receive the CD discovery.  Plaintiff also seeks

4  to extend discovery so that he can expound 20 interrogatories and 10 admissions on each

5  defendant.  *Id.*  The discovery deadline in this matter has passed, plaintiff's previous motion to

6  extend the discovery deadline was denied, and defendants' motion to preclude further discovery

7  was granted.  Dkt. 105.  The motion will, therefore, be DENIED.

8         Accordingly, it is **ORDERED:**

9         (1)     Plaintiff's motions (Dkts. 106, 110, and 113) are **DENIED.**

10        (2)     The Clerk shall send a copy of this Order to plaintiff and to counsel for

11  defendants.

12        **DATED** this 5th day of May, 2016.

                                                    *[signature]*
                                                    Karen L. Strombom
                                                    United States Magistrate Judge

ORDER DENYING MOTIONS FOR
EXTENSION AND FOR DISCOVERY  (DKT.
106, 110, 113) - 6