UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

                Plaintiff,

   v.

STEVEN BLAKEMAN, et al.,

                Defendants.

CASE NO. C15-5261 RBL-KLS

ORDER DENYING PLAINTIFF'S MOTION TO HOLD COUNSEL IN CONTEMPT

      Plaintiff David Troupe moves to hold Daniel Judge, counsel for defendants, in contempt of court. Dkt. 122 (with corrected image at Dkt. 126). Mr. Troupe complains about mistaken delivery of a document to another offender, withholding of discovery, the cost of discovery on a CD, and whether the CD should be produced by the AG's office free of charge. Dkt. 126 at 1-2. None of these allegations is supported by any proof. In addition, the Court notes that discovery in this matter ended in January 2016 and has not been extended. Dkt. 105. Moreover, there is no legal basis for a motion to contempt.

      "A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th

ORDER DENYING PLAINTIFF'S MOTION
TO HOLD COUNSEL IN CONTEMPT - 1

Cir.1984). Civil contempt consists of a party's disobedience to "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir.2006). The disobeyed order that serves as the basis for a finding of civil contempt must be clear in its commands. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir.1989) (stating that court order must be "specific and definite"). To succeed on a motion for civil contempt, the moving party must "show by clear and convincing evidence that [the nonmoving party] violated the [court order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir.1997).

Mr. Troupe shows no basis for an order of contempt as there is no court order being willfully violated. Accordingly, it is **ORDERED:**

(1)   Plaintiff's motion for contempt (Dkt. 122 with corrected image at Dkt. 126) is **DENIED**.

(2)   The Clerk shall send a copy of this Order to plaintiff and to counsel for defendants.

**DATED** this 17th day of June, 2016.

Karen L. Strombom
United States Magistrate Judge